H. P. Hood & Sons, Inc. v. Commissioner.
H. P. Hood & Sons v. Commissioner
Docket No. 111235.
United States Tax Court
1942 Tax Ct. Memo LEXIS 61; 1 T.C.M. (CCH) 148; T.C.M. (RIA) 42615; December 2, 1942
*61 James W. Mudge, Esq., 50 Federal St., Boston, Mass., for the petitioner. Davis Haskin, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, J.: The respondent determined deficiencies in the following amounts: Fiscal Year
Ended
February 28
Deficiency
Income tax
1938
$25,089.29
Income tax
1939
33,670.97
Excess profits tax
1939
13,189.49
[The Facts] The facts were stipulated substantially as follows: The petitioner is a corporation organized under the laws of the Commonwealth of Massachusetts and having its principal place of business at 500 Rutherford Avenue, Boston, Massachusetts. Its business is that of distributing dairy products in Massachusetts and other New England States. The books and accounts of the petitioner are, and were during the taxable years here involved, kept, and its tax returns were made, on the accrual basis. During the taxable years involved the petitioner had outstanding certain securities known and designated as 7% Income Debentures due December 15, 1976 (hereinafter referred to as the debentures). No indenture or deed of trust in any wise extending, limiting or qualifying the rights of the debenture holders *62 was issued in connection with the debentures. The debentures were designated on their face as "7% Income Debentures". They provided for the payment of a sum certain on a fixed future date and carried 7 per cent interest payable quarterly "only out of and to the extent of the net earnings of the Company available for the pro rata payment of interest on all then outstanding 7% income debentures and interest on all obligations of the Company the interest on which is on a parity with the interest on said 7% income debentures." Interest was cumulative and payable absolutely in event of maturity or call of the debentures, irrespective of the earnings of the company. The debentures did not give the holder any right to vote or participate in the management of the company. The above-described issue of debentures, in the amount of $3,500,000 face value, was authorized by votes of the directors and common stockholders of the petitioner at meetings held on December 18, 1936 and December 24, 1936, respectively. At the time of the votes of the directors and stockholders the corporation had outstanding no notes, debentures, bonds or other obligations, and its capital was represented by its common *63 stock and by an issue of 7 per cent preferred stock (having a par value of $100 per share) of which there were authorized 80,000 shares, and outstanding in the hands of stockholders approximately 32,000 shares. Of such 32,000 shares outstanding 14,102 shares were owned by 1,505 employes of the petitioner other than executives, with average holdings of less than $1,000 face amount, and 935 shares were owned by 87 farmers from whom the petitioner purchased dairy products, with average holdings of less than $1,100 face amount. Under the votes of the directors and common stockholders the debentures were to be offered to holders of the preferred stock of the petitioner in exchange for their preferred stock, on a par for par basis. Under date of January 6, 1937, the petitioner sent to holders of its 7 per cent preferred stock a letter offering to issue debentures in exchange for such preferred stock, par for par, at any time on or prior to March 1, 1937. During the calendar years 1936 to 1940, inclusive, shares of preferred stock were surrendered in exchange for debentures as follows (the original time limit of March 1, 1937 on such exchange having been waived): 1936
490 shares
1937
22,008 shares
1938
2,083 shares
1939
3,637 shares
1940
1,280 shares
Total
29,498 shares
*64 In addition, the petitioner declared dividends to common stockholders payable in debentures as follows: Face Amount of
Date of Payment
Debentures
February 25, 1937
$133,900
February 25, 1938
531,900
Total
$665,800 Since the close of the calendar year 1940 and up to October 1, 1942, 1,150 additional shares of preferred stock have been surrendered in exchange for debentures. The petitioner has sold for cash $60,000 face amount of debentures and has purchased for cash (in the main from retiring employes or the estates of deceased employees) $269,700 face amount of debentures. Since the authorization of the debentures the petitioner has issued no notes, bonds or obligations other than debentures. As of October 1, 1942, the company's outstanding capital stock and capital obligations consisted of common and preferred stocks and $3,493,900 face value of debentures. Of such $3,493,900 face value of debentures outstanding October 1, 1942, $1,769,500 in face value were owned by 1,938 employes of the petitioner other than executives, with average holdings of $913, and $171,100 in face value were owned by 116 farmers from whom the petitioner purchases dairy products, with *65 average holdings of $1,475. No shares of preferred stock outstanding on October 1, 1942 were held by employes or by farmers. Employe demand for debentures in excess of debentures available from retiring employes or from the estates of deceased holders was supplied by the sale at face value of debentures outstanding in the hands of other holders. During each of the petitioner's fiscal years here involved the petitioner had available earnings sufficient for the payment of the several installments of quarterly interest on the debentures, and such installments of interest were in fact paid on their due dates during such fiscal years. Furthermore, so far as interest accrued on the debentures in either of the said fiscal years, due for payment in the subsequent fiscal year, the petitioner had earnings sufficient for the payment of such interest, and such interest was in fact paid on or before the quarterly due dates during such subsequent fiscal year. The amount of interest which accrued in respect of outstanding debentures during the fiscal year ended February 28, 1938 was $172,980.24. The amount of such interest which accrued during the fiscal year ended February 28, 1939 was $223,590.05. *66 In its income and excess profits tax returns for the years ended February 28, 1938 and February 28, 1939, the petitioner deducted the respective amounts set forth above as interest accrued during said years on indebtedness of the petitioner. Upon audit of the returns the respondent disallowed the deductions. In addition to disallowing the deduction of $172,980.24 for the year ended February 28, 1938, the respondent made certain other adjustments which increased the net income of the petitioner by $17,176.12. The petitioner takes no exception to any of the other adjustments except an adjustment made by the respondent with respect to the deduction for additional corporation excise tax payable by the petitioner to the Commonwealth of Massachusetts for the year ended February 28, 1939, resulting from the increase in the petitioner's net income as determined by the respondent. It is agreed that the correct amount of such additional tax, assuming for this purpose only the correctness of all the other adjustments made by the respondent, including the adjustment pertaining to the aforesaid interest item, is $5,444.03. In addition to disallowing said deduction of $223,590.05 for the year *67 ended February 28, 1939, the respondent made certain other adjustments which increased the net income of the petitioner for the fiscal year by $39,277.84. None of said other adjustments are now in dispute, and the additional income and excess profits taxes resulting therefrom have been assessed and paid. As a result of the several adjustments referred to above, the respondent determined deficiencies in the tax liability of the petitioner as above set out. [Opinion] The question presented by the above facts is the deductibility of the certain payments denominated "interest." The answer to this question depends on the character of debentures, i.e., were the payments to the debenture holders interest or were they dividends. The present question has arisen in many cases. From these cases certain conclusions have emerged. Each case depends on its facts. Among the determining characteristics are: The name given to the certificate or security; the intent of the maker; the presence or absence of a fixed maturity date; the source of the payments; the right to enforce the payment of principal and interest; the right by voting to participate in the management of the corporation generally *68 or in event of default. Testing the present facts as to each of these characteristics, we come readily to the conclusion petitioner should prevail. The nomenclature used by the corporation, both in the authorizing resolution and in the debenture itself, the fixed amount, the date certain for payment of principal and interest, the absence of any right to vote or participate in the management, all tend to support the relationship of debtor and creditor, not that of stock ownership. There appears no obstacle to the enforcement by ordinary processes of the right to payment of principal and interest. To the contrary respondent argues that tax-saving was the sole purpose behind the debentures. Tax saving may have been one of the considerations but obviously it was not the sole consideration. The corporation made a fundamental change in its corporate organization. It altered the basic rights of its security holders. That incidental thereto was a tax advantage does not condemn the entire situation. We hold for petitioner on the only issue submitted to us. Decision will be entered under Rule 50.